FILED
CLERK, U.S. DISTRICT COURT
10/28/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ASI DEPUTY

**United States District Court**
**Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.1) (Chicago)**
**CRIMINAL DOCKET FOR CASE #: 1:24-cr-00500 All Defendants**
**Internal Use Only**
2:24-cr-00621-MRA

Case title: USA v. Grant

Date Filed: 10/24/2024

Other court case number: 2:24-cr-00621-MRA USDC Central District of California

Date Terminated: 10/24/2024

---

Assigned to: Honorable Jeffrey T. Gilbert

**Defendant (1)**

**Kavon London Grant**
*TERMINATED: 10/24/2024*
*also known as*
Cuz
*TERMINATED: 10/24/2024*
*also known as*
Vonnie
*TERMINATED: 10/24/2024*

represented by **Daniel Howard Olswang**
Netzky Olswang Law Group
8605 West Bryn Mawr
Ste 309b
Chicago, IL 60631
847-224-1169
Email: dan@olswanglaw.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Robert T Hanlon**
Netzke Olswang Law Group LLC
Robert Hanlon, esq
8605 West Bryn Mawr, Suite 309
60631
Chicago, IL 60631
312-622-7325
Email: robert@robhanlonlaw.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts** | **Disposition**

None

**Highest Offense Level (Opening)**

None

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ ANYAELLIS
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
October 25, 2024

**Terminated Counts** | **Disposition**

None

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:3146.F FAILURE TO APPEAR | |

**Plaintiff**

**USA** represented by **AUSA - Chicago**
United States Attorney's Office (NDIL - Chicago)
219 South Dearborn Street
Chicago, IL 60604
Fax: US Govt Attorney
Email: USAILN.ECFAUSA@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Pretrial Services**
.
(312) 435-5793
Fax: Not a member
Email:
ilnptdb_Court_Action_Notice@ilnpt.uscourts.gov
*ATTORNEY TO BE NOTICED*
*Designation: Pretrial Services*

**Kirsten E. Moran**
U.S. Attorney's Office
Department of Justice
219 S. Dearborn Street
Chicago, IL 60604
312-886-2954
Email: kirsten.moran@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Select all / clear | Docket Text |
|---|---|---|---|
| 10/24/2024 | 1 | ☐ | RULE 5(c)(3) Affidavit in Removal Proceedings signed by Judge Honorable Jeffrey T. Gilbert as to Kavon London Grant (1). (aee, ) (Entered: 10/24/2024) |
| 10/24/2024 | | | ARREST of defendant Kavon London Grant. (aee, ) (Entered: 10/25/2024) |
| 10/24/2024 | 2 | ☐ | ORDER as to Kavon London Grant: Initial appearance and removal proceedings held on 10/24/24. Defendant was taken into custody on 10/24/24. Robert Hanlon and Dan Olswang appeared as counsel for Defendant. Defendant was informed of his rights, the nature of the charges and the maximum penalties. Defendant was informed of his right to an identity hearing. Defendant waived an identity hearing. The Court finds that Defendant Kavon London Grant is the person named in the arrest warrant issued in the Central |

| | | | |
|---|---|---|---|
| | | | District of California. The Government orally moved for removal in custody pursuant to 18 U.S.C. §3142(f)(1)(B) and (f)(1)(E). Defendant informed the Court that, at this time, he waives his right to a detention hearing without prejudice to his ability to raise the issue of detention in the charging district. Therefore, the Court makes no finding as to serious risk of flight, danger to the community or any other statutory factor that is relevant to the issue of release or detention under 18 U.S.C. § 3142. The Court's order is without prejudice to Defendant contesting detention and raising the issue of release at a later time if he so chooses. Accordingly, Defendant is ordered removed to the Central District of California in the custody of the U.S. Marshal forthwith. As provided by 18 U.S.C. § 3142(f), Defendant shall remain in custody until further order of the Court. It is ordered that Defendant shall remain confined in the Metropolitan Correctional Center or an alternative facility designated by the U.S. Marshal, pending his removal to the charging district, but held separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. It is further ordered that Defendant shall be afforded reasonable opportunity for private consultation with his counsel while in custody. Pursuant to Rule 5(f) of the Federal Rules of Criminal Procedure, the court, with both the prosecutor and defense counsel present, confirmed the government's obligation to disclose favorable evidence to the accused under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and ordered it to do so. Favorable evidence under Brady need have only some weight and includes both exculpatory and impeaching evidence. Failure to produce such evidence in a timely manner may result in sanctions, including, but not limited to, adverse jury instructions, dismissal of charges, and contempt proceedings. Signed by the Honorable Jeffrey T. Gilbert on 10/24/2024. Mailed notice (aee, ) (Entered: 10/25/2024) |
| 10/24/2024 | 3 | ☐ | COMMITMENT TO ANOTHER DISTRICT as to Defendant Kavon London Grant committed to Central District of California. Signed by the Honorable Jeffrey T. Gilbert on 10/25/2024. Mailed notice (aee, ) (Entered: 10/25/2024) |

or

AO 94 (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

United States of America
v.
Kavon London Grant
*Defendant*

Case No. 1:24-cr-00500-1

Charging District's Case No. 2:24-cr-00621-MRA

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the Central District of California, *(if applicable)* ______ division. The defendant may need an interpreter for this language: n/a.

The defendant: ❒ will retain an attorney.
☑ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: 10/25/2024

*Judge's signature*

Magistrate Judge Jeffrey T. Gilbert
*Printed name and title*

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ ANYAELLIS
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
October 25, 2024

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ ANYAELLIS
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
October 25, 2024

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>Kavon London Grant | No. 24-cr-500<br>Magistrate Judge Jeffrey T. Gilbert |

ORDER

Initial appearance and removal proceedings held on 10/24/24. Defendant was taken into custody on 10/24/24. Robert Hanlon and Dan Olswang appeared as counsel for Defendant. Defendant was informed of his rights, the nature of the charges and the maximum penalties. Defendant was informed of his right to an identity hearing. Defendant waived an identity hearing. The Court finds that Defendant Kavon London Grant is the person named in the arrest warrant issued in the Central District of California. The Government orally moved for removal in custody pursuant to 18 U.S.C. §3142(f)(1)(B) and (f)(1)(E). Defendant informed the Court that, at this time, he waives his right to a detention hearing without prejudice to his ability to raise the issue of detention in the charging district. Therefore, the Court makes no finding as to serious risk of flight, danger to the community or any other statutory factor that is relevant to the issue of release or detention under 18 U.S.C. § 3142. The Court's order is without prejudice to Defendant contesting detention and raising the issue of release at a later time if he so chooses. Accordingly, Defendant is ordered removed to the Central District of California in the custody of the U.S. Marshal forthwith. As provided by 18 U.S.C. § 3142(f), Defendant shall remain in custody until further order of the Court. It is ordered that Defendant shall remain confined in the Metropolitan Correctional Center or an alternative facility designated by the U.S. Marshal, pending his removal to the charging district, but held separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. It is further ordered that Defendant shall be afforded reasonable opportunity for private consultation with his counsel while in custody. Pursuant to Rule 5(f) of the Federal Rules of Criminal Procedure, the court, with both the prosecutor and defense counsel present, confirmed the government's obligation to disclose favorable evidence to the accused under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and ordered it to do so. Favorable evidence under Brady need have only some weight and includes both exculpatory and impeaching evidence. Failure to produce such evidence in a timely manner may result in sanctions,

including, but not limited to, adverse jury instructions, dismissal of charges, and contempt proceedings. T:00:20

Date: 10/24/2024

Jeffrey T. Gilbert
United States Magistrate Judge