DREW FINDLING
MARISSA GOLDBERG
The Findling Law Firm PC
3575 Piedmont Road
NE Tower 15, Suite 1010
Atlanta, GA 30305
Telephone: (404) 460-4500
Email: drew@findlinglawfirm.com

JONATHAN M. BRAYMAN
Breen & Pugh
53 W. Jackson Blvd., Suite 1550
Chicago, IL 60604
Telephone: (312) 360-1001
Email: jbrayman@breenpughlaw.com

CHRISTY O'CONNOR (Bar No. 250350)
The Law Office of Christy O'Connor
360 East 2nd Street, Suite 800
Los Angeles, California 90012
Telephone: (323) 716-5959
Email: christy@christyoconnorlaw.com

Attorneys for Defendant
DURK BANKS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>DURK BANKS,<br><br>    Defendant. | Case No. 2:24-cr-00621-MWF<br><br>**DEFENDANT DURK BANKS' REQUEST FOR A STATUS HEARING REGARDING EXTENDED SHU DETENTION WITHOUT PROCESS**<br><br>Hearing<br>Date:        January 7, 2026<br>Time:        10:00 a.m.<br>Courtroom:   5A<br>Judge:       Hon. Michael W. Fitzgerald |

Defendant Durk Banks, through his attorneys, Drew Findling, Marissa Goldberg, Jonathan M. Brayman, and Christy O'Connor, hereby files this request for a brief status hearing regarding Mr. Bank's 4.5-month detention in the Segregated Housing Unit

("SHU") without the proper process.

                              Respectfully submitted,

Dated: January 6, 2026       BY:   /s/ *Christy O'Connor*
                                          Drew Findling
                                          Marissa Goldberg
                                          Jonathan M. Brayman
                                          Christy O'Connor
                                          *Attorneys for Durk Banks*

**DECLARATION OF COUNSEL**

I, Christy O'Connor, state and declare the following:

1. I am an attorney licensed to practice in this District, and I am one of the attorneys representing Durk Banks in the instant matter.

2. Since August 29, 2025, Mr. Banks has been confined to the Segregated Housing Unit ("SHU") at the Metropolitan Detention Center. In the SHU, Mr. Banks is confined to a very small jail cell, just large enough for a single bed, a toilet, and a sink, for 23 hours a day. He does not have access to commissary. He is permitted one phone call a month, and no in-person social visits.

3. The original cause of his SHU placement was an allegation that he was in possession of an unauthorized Apple Watch.

4. Since August 29, 2025, Mr. Banks has not received the process that is prescribed by law where in inmate is accused of an infraction. *See* 28 CFR § 541.7 (providing that the Unit Discipline Committee ("UDC") will ordinarily review the incident report within five work days after it is issued, and the UDC will make a decision regarding an appropriate disposition and sanction); § 541.8 (outlining process by which UDC may refer disciplinary hearing to Disciplinary Hearing Officer).

5. Mr. Banks' defense team has received conflicting explanations for his extended SHU detention without process. For example, in October, an attorney for MDC told us that Mr. Banks' high-profile/celebrity status is not the cause of his SHU detention. Then on December 22, the Warden represented to us that "[Mr. Banks'] presence in the general population poses a threat to the security and orderly running of the institution due to the high profile nature of Mr. Banks' pending criminal case and possible violation of BOP's disciplinary program." This is despite Mr. Banks' eleven-month presence in the general population, prior to August 29, without any incident whatsoever caused by his celebrity status or the high-profile nature of his case.

6. Additionally, both MDC's attorneys and the Warden have told us that the Segregation Review Official has been conducting a monthly Segregation Review, where Mr. Banks has been present. Based on the information I've gathered through weekly visits with Mr. Banks over the past 4.5 months, I believe this to be false. Based on my observations and my monitoring of the situation, the first time that Mr. Banks has been offered the opportunity to be present at a Segregation Review was just last week, after I sent the Warden and MDC attorney a discovery request regarding these alleged monthly meetings.

7. In response to our inquiries, the government has provided us with an internally-inconsistent explanation for Mr. Banks' extended SHU detention. On one hand, the government tells us that "Mr. Banks' continued placement in the SHU is not based on the FBI's investigation (or the USO's charging decision)" regarding the Apple Watch. On the other hand, the government tells us that "the BOP is waiting to institute disciplinary proceedings related to the Apple Watches[1] based on our charging decision . . ." Both of these statements cannot be true. Either the process to which Mr. Banks is entitled has been delayed, and his stay extended, due to the government's ongoing investigation, or it has not.

8. The deleterious effects of extended solitary confinement on an inmate's psychological well-being are well-documented. *See* Reiter et. al., *Psychological Distress in Solitary Confinement: Symptoms, Severity, and Prevalence in the United States, 2017-2018,* AMERICAN PUBLIC HEALTH ASSOCIATION, January 2020, *https://pmc.ncbi.nlm.nih.gov/articles/PMC6987940/* (scientific study reveals "clinically significant symptoms of depression, anxiety, or guilt," "disproportionately high rates of serious mental illness and self-harming behavior," and "social isolation, loss of identity, and sensory hypersensitivity" versus inmates in general population). Because of this,

---

[1] At the time Mr. Banks is alleged to have been found with an Apple Watch, another neighboring inmate was also alleged to have been in possession of an Apple Watch.

1  Mr. Banks' defense team has a growing concern that his prolonged solitary
2  confinement may implicate the Eighth Amendment's prohibition on "cruel and unusual
3  punishment." U.S. CONST. amend. VIII.
4       9.   I believe that a brief status hearing is necessary to ensure that Mr. Banks
5  does not continue to languish in SHU without the process he has been owed for the past
6  131 days.
7       10.  The government has informed me that it takes no position on this request
8  for a status hearing.
9       I declare under penalty of perjury that the foregoing is true and correct to the best
10 of my knowledge and belief.

Dated: January 6, 2026                By /s/ Christy O'Connor
                                         Christy O'Connor