TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief United States Attorneys
Chief, Criminal Division
IAN V. YANNIELLO (Cal. Bar No. 265481)
MICHAEL J. MORSE (Cal. Bar No. 291763)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
1100/1400/1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3667/7367/0813
Facsimile: (213) 894-0142
E-mail: ian.yanniello@usdoj.gov
michael.morse@usdoj.gov
daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DURK BANKS et al.,<br><br>Defendants. | No. CR 2:24-621(C)-MWF<br><br>GOVERNMENT’S NOTICE REGARDING THIRD SUPERSEDING INDICTMENT |

Plaintiff United States of America hereby files this Notice Regarding the Third Superseding Indictment in this case.

//

//

//

This filing is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 4, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division

*/s/*
IAN V. YANNIELLO
MICHAEL J. MORSE
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

On June 3, 2026, the grand jury returned a Third Superseding Indictment ("TSI") in this case.[1] The TSI adds two counts against all trial defendants: (i) Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Count One), and Conspiracy to Commit Stalking, in violation of 18 U.S.C. § 371 (Count Two). Counts Three through Five (conspiracy to commit murder for hire, and murder for hire resulting in death; and stalking resulting in death) were previously charged in the Second Superseding Indictment ("SSI").

Count Six of the TSI also amends the § 924 count previously charged in the SSI. Specifically, the TSI: (i) charges 18 U.S.C. §§ 924(c)(1)(A)(iii), (B)(ii), and removes the § (j)(1) allegation in light of Barrett v. United States, 146 S. Ct. 482 (2026); and (ii) alleges the predicate crime of violence as the § 1959(a)(1) violation (Count One). Accordingly, because the TSI does not allege that murder for hire or stalking resulting in death are predicate crimes of violence for the § 924(c) count, the government respectfully submits that defendant Asa Houston's motion to dismiss the § 924(c) count (Dkt. 226) is moot.[2]

---

[1] The government informed defense counsel that it intended to bring these charges (including anticipated allegations regarding the murder of S.M. in Chicago and the shooting of A.W. in Atlanta) on May 13, 2026. The government remains prepared to proceed to trial on August 20, 2026.

[2] "A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." United States v. Hulen, 879 F.3d 1015, 1018 (9th Cir. 2018) (cleaned up); see also, United States v. Herrera, No. CR 15-315-JGB, 2016 WL 11637163, at *1 (C.D. Cal. Aug. 4, 2016) (denying as moot defendant's motion to dismiss FSI for abuse of the grand jury process upon return of SSI); United States v. Tangen, No. 2:15-CR-0073-SMJ, 2016 WL 3676451, at *1 (E.D. Wash. July 7, 2016) (denying as moot defendant's motion to dismiss indictment for deficiencies upon return of SSI);

*(footnote cont'd on next page)*

United States v. Nez, No. CR-12-08109-PCT-GMS, 2013 WL 2302036, at *1 (D. Ariz. May 24, 2013) (similar); United States v. Baver, No. 2:21-CR-00520-JNP, 2023 WL 3022495, at *1 (D. Utah Apr. 20, 2023) (similar).