TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division (Cal. Bar No. 265481)
MICHAEL J. MORSE (Cal. Bar No. 291763)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
1400/1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3667/0813/7367
Facsimile: (213) 894-0142
E-mail: ian.yanniello@usdoj.gov
michael.morse@usdoj.gov
daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DURK BANKS, et al.,<br><br>Defendants. | No. CR 24-621(C)-MWF<br><br>SUPPLEMENT TO GOVERNMENT'S OPPOSITION TO DEFENDANT BANKS' MOTION TO SEVER COUNTS OR IN THE ALTERNATIVE, TO DISMISS THE THIRD SUPERSEDING INDICTMENT ON SPEEDY TRIAL GROUNDS; EXHIBITS 2-4 |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Ian V. Yanniello, Michael J. Morse, and Daniel H. Weiner, hereby files this Supplement to its Opposition to Defendant Banks' Motion to Sever Counts or in the Alternative, to Dismiss the Third Superseding Indictment on Speedy Trial Grounds.

//

//

This supplement is based upon the attached memorandum of points and authorities, the attached Exhibits 2-4, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 13, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division

*/s/*

IAN V. YANNIELLO
MICHAEL J. MORSE
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government files this supplement to correct certain factual assertions in defendant Banks' reply and to provide a more fulsome record for the Court.

*First*, defendant Banks incorrectly states that a forensic examination report of Co-Conspirator 4's iCloud was first produced on June 8, 2026. (Reply at 9.) Attached as Exhibit 2 is the government's discovery letter documenting the production on December 10, 2025 of the entire forensic image of Co-Conspirator 4's iCloud (along with over 35 other seized devices and/or accounts). (See Ex. 2 at 4, 7 [12/10/25 Discovery Letter and FBI 302 documenting the production].)[1] Notably, the government made this production to accommodate a request made by defense counsel to examine the full images of all digital devices and accounts seized by the government. (Ex. 2 at 1 (USAO cover letter noting that the production was made at defendants' request). To the extent defendant believes the subsequent June re-production of material contained in the iCloud contained a "plethora of *Brady* and *Giglio*," (Reply at 9), that material was available to defendants in December 2025.

*Second*, the government did not "shirk[] its responsibilities under the pretrial schedule." (Reply at 2.) Following the return of the TSI on June 3, the government sent numerous communications to defense counsel seeking clarity about the trial date and pretrial deadlines. To provide a more fulsome record to the Court, the

[1] The forensic report of Co-Conspirator 4's iCloud produced in June 2026 documented certain items seized by the FBI, a smaller subset of the full image produced to the defense in December 2025.

government attaches as Exhibit 3 the remainder of the email thread attached as Exhibit K to defendant Banks' filing.

Exhibit 3 documents that the government circulated a proposed stipulation modifying the pretrial briefing schedule and asking for authorization for e-signature, to which only counsel for defendant Houston responded. (Ex. 3 at 1-2.) Moreover, attached as Exhibit 4 is an email thread in which the government solicited defense counsels' position on a continuance. In the exchange, the government noted that its trial exhibit list and motions *in limine* were a function of which defendants and which charges would be proceeding to trial (if any) on August 20. (Ex. 4 at 3.) In response, defendant Banks' counsel responded that they were prepared for an August 20 trial "as of now"; and counsel for defendants Wilson and Lindsey represented that they would be prepared for an August 20 trial should the Court grant one or more of the pending severance motions. (Ex. 4 at 1.)

*Third*, contrary to defendant Banks' claim that his "multiple, explicit past assertions of his speedy trial rights are clear from the record," the defendants --- including defendant Banks --- caused the prior continuances. Defendant Banks requested the initial 11-month continuance to October 2025 (see Opposition at 4), and he took other steps to delay this trial. For example, on November 13, 2025, defendant Banks filed his motion to disqualify all Central District judges and the United States Attorney's Office,[2] which explicitly asked the Court to vacate the scheduling order, including the January

[2] The Court denied the motion, noting "there is just absolutely no basis for this motion, just none, absolutely none." (Dkt. 341 [1/07/26 Reporter's Transcript] at 47-49.)

trial date and calendared motions that were set for hearing on November 18, 2025.[3] After the Court entered a minute order the following day making clear it would not stay the proceedings, defendant Banks filed a written objection, asking again to stay proceedings and vacate all dates.[4] When the Court declined to stay proceedings, defendants Houston, Wilson, and Lindsey requested a trial continuance because the Court would not vacate the scheduling order.[5] (Dkt. 317 [11/18/25 Reporter's Transcript] at 81-83.)

Finally, as set forth in the government's Opposition, defendant Banks has failed to justify the extraordinary relief he is requesting. While defendant Banks' Reply asserts that a further continuance will be lengthy based on conflicts of other defense counsel, he does not indicate how much time he will request, if any, should the Court deny either of the pending motions.

---

[3] See Dkt. 290 at 19 ("Defendants request that the Court stay proceedings, and vacate the scheduling order, including the trial date").

[4] See Dkts. 291 and 295.

[5] Defendant Banks objected to the continuance even though his motion sought to vacate the trial date.

# EXHIBITS 2-4
# [UNDER SEAL]