DREW FINDLING
MARISSA GOLDBERG
The Findling Law Firm PC
3575 Piedmont Road
NE Tower 15, Suite 1010
Atlanta, GA 30305
Telephone: (404) 460-4500
Email: drew@findlinglawfirm.com
marissa @findlinglawfirm.com

BRIAN STEEL
The Steel Law Firm
1800 Peachtree Street NW, Suite 300
Atlanta, GA 30309
Telephone: (404) 605-0023
Email: thesteellawfirm@msn.com

CHRISTY O'CONNOR (Bar No. 250350)
The Law Office of Christy O'Connor
360 East 2nd Street, Suite 800
Los Angeles, California 90012
Telephone: (323) 716-5959
Email: christy@christyoconnorlaw.com

Attorneys for Defendant
DURK BANKS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

UNITED STATES,

Plaintiff,

v.

DURK BANKS,

Defendant.

Case No. 2:24-cr-00621-MWF

**DEFENDANT DURK BANKS' MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S PROPOSED FRE 404(b) EVIDENCE**

***EXHIBITS ONLY - SUBMITTED FOR FILING UNDER SEAL***

**Hearing**

Date: August 13, 2025
Time: 10:00 a.m.
Courtroom: 5A
Judge: Hon. Michael W. Fitzgerald

Defendant Durk Banks, through his attorneys, Drew Findling, Marissa Goldberg, Brian Steel, and Christy O'Connor, hereby files this Motion in Limine to Exclude evidence proposed by the government pursuant to Rule 404(b) of the Federal Rules of Evidence that was served on the defendant through a proposed trial exhibit list and without proper notice on July 23. 2026. Defendant Banks requests that these issues be litigated at the motions hearing currently set for August 13, 2026.

## NOTICE OF MOTION

Durk Banks, by and through undersigned counsel, hereby submits this Motion in Limine to preclude the government's proposed FRE 404(b) evidence. The government seeks to introduce improper 404(b) evidence which should be excluded from trial in this matter as they fail to meet the requirements of Federal Rule of Evidence 404(b) and are unduly prejudicial under Rule 403. Pursuant to the local rules the parties met and conferred on July 24, 2026 in which counsel for the government indicated that they opposed this motion.

## I. INTRODUCTION

This case is set to be tried on August 20, 2026. This Court previously held a hearing on the government's proposed 404(b) evidence on February 9, 2026, and issued an order regarding the same on February 13, 2026 (Doc. 380). Despite the fact that this Court has already ruled on what proposed "other acts" the government may seek to introduce in this trial, the government turned over a proposed exhibit list to the defense on July 23, 2026, that was replete with purported evidence outside the scope of the indictment and what this Court has otherwise allowed. The crux of what the government seems to be trying to accomplish with this proposed evidence is to circumvent the Court's decision that severed out the "racketeering" portion of the third superseding indictment and sneak it back in through transparently prejudicial statements and images of "gang behavior," guns, drugs, jewelry, and unrelated violence--- clearly designed to inflame the unconscious biases of the jury. This Court should not allow this sort of behavior by the government. The government is bound by the decisions of this Court. That is true for the litigation already held regarding 404(b) and that is true for this Court's decision to sever counts. The government should be forced to prove the charges against these defendants and not make this a sideshow of irrelevant propensity tangents.

Defendant Banks will move to exclude, in kind, the following materials proposed by the government as outlined below.

## II. ARGUMENT AND CITATION TO AUTHORITY

### a. Proper Notice as Required by Law Was Never Given

Section 3, "Notice in a Criminal Case, of Rule 404(b) provides:

In a criminal case, the prosecutor must:

> (a) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> (b) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> (c) do so in writing before trial – or in any for during trial if the court, for good cause, excuses lack of pretrial notice.

As stated above, this is not the parties' "first rodeo" in this case regarding 404(b) argument. That issue should have been settled. The government provided notice of certain proposed evidence back in September of 2025; what they now seek to introduce is entirely new—***and entirely unnoticed***. That fact alone should cause the improper evidence to be excluded from this trial.

### b. The Proposed Evidence Fails to Meet the 404(b) Standard and is Otherwise Inadmissible Pursuant to 403.

As interpreted by the Ninth Circuit, Rule 404(b) authorizes a district court to admit evidence of prior bad acts if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) in certain cases, the act is similar to the offense charged. United States v. Garcia-Orozco, 997 F.2d 1302, 1304 (9th Cir. 1993) (citing United States v. Bibo-Rodriguez, 922 F.2d 1398, 1400 (9th Cir.) cert denied, 111 S. Ct. 2861 (1991)); United States v. Miller, 874 F.2d 1255, 1268 (9th Cir. 1989). The "other acts" the government included in its proposed exhibit list are thinly veiled attempts to show propensity. See United States v. Charley, 1 F. 4th 637 (9th Cir. 2021)

(citing United States v. Sneezer, 983 F. 2d 920, 924 (9th Cir. 1992) ("We must consider whether this evidence proves 'nothing but the defendant's criminal propensities.'"); See also United States v. Brown, 880 F. 2d 1012, 1014 (9th Cir. 1989) ("The rule is designed to avoid a danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt, because it is convinced that the defendant is a bad man deserving of punishment.").

However, "even if all four conditions are met, the evidence may still be excluded if under the Federal Rule of Evidence 403 analysis its probative value is substantially outweighed by the danger of unfair prejudice." United States v. Bibo-Rodriguez, 922 F.2d 1398, 1400-01 (9th Cir. 1991). Were the Court to conclude that the government's evidence had some merit, a proper Rule 403 balancing would nonetheless weigh heavily toward exclusion.

## III. THE PROPOSED EXHIBITS

Defendant Banks objects to the following exhibits proposed by the government[1]:

- Exhibits referencing illegal drugs (collectively, Exhibit A):
  - Government Trial Exhibits 213, 214, 220 and 222
- Exhibits referencing guns not alleged to be involved in this case (collectively, Exhibit B):
  - Government Trial Exhibits 121, 144, 145, 162, 210, 211, 212
- Exhibits referencing other potentially criminal acts and/or violence (collectively, Exhibit C):
  - Government Trial Exhibits 164, 170, 202, 204, 207, 209, 211, 216, 219, 221, 223, 225, 226, 293

Most of the above are self-explanatory in their inadmissibility. For example, exhibit 213 involves two individuals who are not charged in this case discussing marijuana sales in a text chat in January of 2023. Exhibit 211 is a group text chat that

[1] All of these exhibits will be provided to the Court in digital format contemporaneous with the filing of this motion, and will be filed under seal.

appears to be discussing an armed robbery in September of 2020. Many of the exhibits involve purported speakers that are not defendants nor are they alleged to be unindicted co-conspirators in this case. None of these exhibits do anything to prove the government's case that a stalking and a murder for hire was committed in Los Angeles in August of 2022. The government's attempt to sneak in these irrelevant and highly prejudicial "other acts" without going through the proper 404(b) channels should be deeply concerning to the Court, particularly when there has already been an order set forth.

Many of these exhibits are also highly prejudicial and should be similarly excluded under a 403 analysis. A motion regarding this and encompassing many of the above exhibits (and some additional) is being filed contemporaneous to this motion. This motion further incorporates that motion and its arguments herein.

## IV. CONCLUSION

Even though this motion is styled as a motion to preclude evidence pursuant to 404(b), that analysis barely even applies because the government tried to circumvent those prescribed processes and did not even provide basic notice as the statute requires. The government's repeated proclamations that "this is a gang case" does not make it so. Would we now have to litigate whether or not some unindicted individuals are engaged in the drug trade? Whether an armed robbery was perpetrated in another jurisdiction in 2020? This would cause significant delay in this trial. This creates a significant risk of misleading the jury and confusing the issues, while also causing undue delay in an

already lengthy trial – all of which would result in unfair prejudice to Mr. Banks. The government seems intent on mudding the water and inflaming the jury.

Respectfully submitted,

Dated: July 27, 2026 BY: /s/ *Marissa Goldberg*

Drew Findling
Marissa Goldberg
Brian Steel
Christy O'Connor
*Attorneys for Durk Banks*