TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO (Cal. Bar No. 265481)
Chief, National Security Division
MICHAEL J. MORSE (Cal. Bar No. 291763)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
    1400/1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3667/3535/0813
    Facsimile: (213) 894-0142
    E-mail:    ian.yanniello@usdoj.gov
            michael.morse@usdoj.gov
            daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-621(C)-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE NO. 2 TO EXCLUDE IRRELEVANT EVIDENCE AND ARGUMENTS PURSUANT TO RULE 403 |
| v. | |
| DURK BANKS, et al., | |
| Defendants. | Hearing Date: August 13, 2026<br>Hearing Time: 10:00 a.m.<br>Location:    Courtroom of the Hon. Michael W. Fitzgerald |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Ian V. Yanniello, Michael J. Morse, and Daniel H. Weiner, hereby files its Motion in Limine No. 2 to Exclude Irrelevant Evidence and Arguments Pursuant to Rule 403.

//

//

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 27, 2026   Respectfully submitted,

         TODD BLANCHE
         Acting Attorney General

         BILAL A. ESSAYLI
         First Assistant United States
         Attorney

         IAN V. YANNIELLO
         Assistant United States Attorney
         Chief, National Security Division


           /s/
         IAN V. YANNIELLO
         MICHAEL J. MORSE
         DANIEL H. WEINER
         Assistant United States Attorneys

         Attorneys for Plaintiff
         UNITED STATES OF AMERICA

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

Trial courts "have a duty to forestall or prevent" jury nullification, including by preventing "impermissible" defense questioning or argument.  <u>United States v. Lynch</u>, 903 F.3d 1061, 1079-80 (9th Cir. 2018) (citation omitted); <u>United States v. Powell</u>, 955 F.2d 1206, 1212-13 (9th Cir. 1991) (a defendant has no right to instruct the jury to nullify itself); <u>United States v. Blixt</u>, 548 F.3d 882, 890 (9th Cir. 2008) (finding it proper to instruct the jury to disregard nullification argument); <u>Zal v. Steppe</u>, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring). This includes making any arguments, using lines of questioning, introducing evidence, or otherwise referring to, topics designed to inflame the jury or elicit jury sympathy or nullification, as described further below.

The government brings this motion to identify specific evidence and arguments that is either relevant only to nullification or otherwise excludable under Rule 403.  As such, it should be excluded under Rules 401 and 403 and other grounds either identified below or that the government may identify at any hearing.

**II.    ARGUMENT**

**A.    Legal Framework**

"Evidence which is not relevant is not admissible."  Fed. R. Evid. 402.  Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Even if evidence is relevant, Rule 403 states "[t]he court may exclude [it] if its probative value is substantially outweighed by a danger of . . .

unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time . . . ."  Fed. R. Evid. 403.  A district court has "wide discretion" to exclude irrelevant evidence.  United States v. Alvarez, 358 F.3d 1194, 1205 (9th Cir. 2004).

> **B.  Arguments Related to the Government's Charging Decisions and Non-Operative Indictments, Including the Contents, Allegations, Charges, and Timing Are Irrelevant and Will Open the Door to the Severed VICAR Evidence**

The government's charging decisions and prior iterations of the indictment are irrelevant to the pending charges.  Such arguments have no place at trial and should be excluded.

Defendant Banks, for example, has cited to a prior iteration of the indictment to falsely claim the "government presented false evidence to the grand jury to indictment him."[1]  Defendant Banks has made similar claims in multiple filings.  See, e.g., Dkts. 135 at 1-3; 10 at n.1; 446 at 4.)  As set forth in the government's motion *in limine* seeking a limited gag order,[2] defendant Banks and his representatives have also made various public statements about the government's motive for prosecuting defendant Banks, including that the government was using this murder case to "criminalize[]" "Black artists . . . for their creativity," and that allegations against defendant Banks were "false" and "lipstick on a pig", among others.

These arguments and assertions are false, irrelevant, and will undoubtedly confuse and mislead the jury.  Indeed, if any defendant

---

[1] Defendant's contention is that rap lyrics about greenlighting a murder referenced in the introductory allegations of the FSI could not have been about S.R.'s death because the lyrics were purportedly written before S.R.'s murder.  The government notes that even crediting defendant's timeline, the lyrics were nonetheless written after the co-conspirators' initial attempt to kill T.B. in Blackshear, Georgia, in May 2021.

[2] See Government Motion in Limine #1 for a Limited Gag Order Prohibiting Prejudicial Extrajudicial Statements, at 3-4.

were permitted to make these or other arguments attacking the government's motive for charging this case or any particular defendant, such arguments would open the door to evidence the Court has severed from the August 20 trial.  Specifically, that evidence linking defendant Banks and his close associates to broader criminality, in addition to his alleged role in S.R.'s murder, prompted the charges in this case.

### C.    Celebrity Endorsements, Fan Support, and Celebrity Business and/or Musical Collaborations Are Irrelevant

In addition to the public statements designed to undermine and denigrate the charges against defendant Banks and his co-defendants, defendant Banks and his representatives have made a variety of public statements asserting that there is widespread public opinion to "Free Durk."[3]  A defendant's celebrity endorsements and fan support are irrelevant to any fact at issue and should be excluded at trial. Such information has no bearing on whether any defendant committed the charged offense and serves only to invite improper considerations based on popularity, status, or public sentiment.  Allowing evidence or argument about celebrity backing risks confusing the issues, misleading the jury, and creating unfair prejudice.  The case must be decided solely on admissible evidence relating to a defendant's actions and the elements of the charged crime, not on outside opinions or public support.  Just as it would be improper to introduce evidence about public support for seeking justice for S.R.'s murder, defendants should be precluded from referencing celebrity or fan reactions and support.

---

[3] See *Supra* note 2.

3

For the same reasoning, evidence and argument about defendant's associations or collaborations in music or business with celebrities or other public figures invite the same type of unduly prejudicial and irrelevant testimony that should be excluded at trial.

### D.   Defendants' Charitable and Philanthropic Activities Are Irrelevant to this Murder Case

In court filings and extrajudicial statements, defendant Banks has touted his involvement in charitable activities[4] and other community associations.  These charitable and philanthropic activities are irrelevant to the issues in this murder and stalking case and should be excluded from trial.  Acts of generosity or community service do not shed light on whether the co-conspirators plotted revenge for a fellow gang member --- or any other fact of consequence the jury will need to decide --- and risk improperly influencing the jury by appealing to sympathy, character praise, or public perception.  Indeed, courts routinely exclude evidence and argument about a defendant's generosity and involvement in charitable activities.  See, e.g., United States v. Marrero, 904 F.2d 251, 259-60 (5th Cir. 1990) (affirming exclusion of testimony that defendant sometimes "provided more services to some clients than they were actually billed for and that sometimes she rendered services free of charge"); United States Gravely, 840 F.2d 1156, 1164 (4th Cir. 1988) (affirming exclusion of defendant's "specific activities with the March of Dimes" to show character).[5]  The jury must determine guilt

---

[4] See, e.g., Dkt. 162 at 5-6 (stating defendant's "dedication to uplifting his community through his personal charity, Neighborhood Heroes, and through his additional outreach in the Chicago area, is commendable and undeniable").

[5] See also United States v. De Peri, 778 F.2d 963, 973 (3d Cir. 1985) (affirming exclusion of evidence that defendant "took a special
*(footnote cont'd on next page)*

4

based solely on admissible evidence related to the defendant's conduct and the elements of the offense, not on unrelated personal accomplishments or community goodwill.

###### E. Evidence Related to Punishment, Family and Other Irrelevant Personal Factors

Defendants should be precluded from referencing any potential penalties, including a custodial sentence, that defendants might face if convicted at trial.[6]  Defendants should similarly be precluded from offering evidence or argument about their family, age and number of children, or health or healthcare issues, absent a showing that such factors bear on defendants' culpability.  Such topics lack any probative value as to whether defendant committed the charged crimes and, therefore, should be excluded from trial as irrelevant.  See Fed. R. Evid. 401; United States v. Hunter, 445 Fed. Appx. 998, 1001 (9th Cir. 2011) (upholding district court's exclusion of defendant's "life-long story" where it was "not directly relevant to the issue of her criminal intent and would have been diverting").

---

interest in the children of the people under his command" and "organized charitable collections for children"); United States v. Etheredge, 254 F. App'x 969, 970 (4th Cir. 2007) (affirming exclusion testimony from "defense witnesses about his generosity to family and friends").

[6] United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991) ("It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict").