TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO (Cal. Bar No. 265481)
Chief, National Security Division
MICHAEL J. MORSE (Cal. Bar No. 291763)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
      1400/1500 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-3667/3535/0813
      Facsimile: (213) 894-0142
      E-mail:    ian.yanniello@usdoj.gov
                 michael.morse@usdoj.gov
                 daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-621(C)-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE NO. 4 TO PRECLUDE DEFENDANTS FROM OFFERING THEIR OWN PRIOR STATEMENTS |
| v. | |
| DURK BANKS, et al., | |
| | Hearing Date: August 13, 2026 |
| Defendants. | Hearing Time: 10:00 a.m. |
| | Location:    Courtroom of the Hon. Michael W. Fitzgerald |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Ian V. Yanniello, Michael J. Morse, and Daniel H. Weiner, hereby files its Motion in Limine No. 4 to Preclude Defendants From Offering Their Own Prior Statements.

//

//

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 27, 2026                    Respectfully submitted,

                                        TODD BLANCHE
                                        Acting Attorney General

                                        BILAL A. ESSAYLI
                                        First Assistant United States
                                        Attorney

                                        IAN V. YANNIELLO
                                        Assistant United States Attorney
                                        Chief, National Security Division


                                              /s/
                                        IAN V. YANNIELLO
                                        MICHAEL J. MORSE
                                        DANIEL H. WEINER
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

2

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.    INTRODUCTION**

This is a gang murder case involving a subgroup of OTF members who plotted and conspired to kill a rival rapper as revenge for the slaying of D.B. aka "King Von" --- an OTF member and fellow Black Disciple member.  The government has provided voluminous discovery of the defendants' own statements, including electronic communications and other admissions made in lyrics and during podcast interviews. Defendant Banks --- who controls the broader OTF organization --- has access and control over significantly more statements by the defendants and other co-conspirators (both indicted and unindicted).[1]

At trial, the government intends to introduce various admissions made by the defendants and other co-conspirators to show their involvement in the stalking and murder conspiracy, their motive for seeking to kill T.B., and to show their gang relationship with one another.  These out of court statements are not hearsay when offered by the government.  <u>See</u> Fed. R. Evid. 801(d)(2)(A).[2]

However, subject to the narrow "rule of completeness," the law does not permit a defendant to offer his own prior statements for their truth.  The Court should preclude the defendant from attempting to do so here.

Given the limited admissibility of defendants' out-of-court statements, and to avoid mid-trial delays, the Government seeks an

---

[1] On July 21, 2026, defendant Banks provided a production of reciprocal discovery to the government that did not include any statements of the defendants, other than a broad statement that the defense "produce[s] to government the entirety of the government's discovery productions to Mr. Banks."

[2] A majority of the statements the government will seek to admit at trial are admissible as party admissions under Rule 801(d)(2)(A) and as co-conspirator statements admissible under Rule 801(d)(2)(E).

order from the Court requiring that (i) to the extent the defendants seek to admit their own statements during the government's case-in-chief during cross-examination of witnesses, the defense preview to the government and the Court prior to each trial day any statement of the defendant he intends to admit, so that any evidentiary issues can be addressed outside the trial day; and (ii) that defendants be required to identify any such statements that they intend to offer during the defense case and produce them to the government no later than one week before trial.

## II.    ARGUMENT

### A.    Legal Framework

A defendant may not offer his own statement into evidence without subjecting himself to cross-examination.  See United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1987) (per curiam) ("[D]efense counsel wished to place [the defendant's] statement . . . before the jury without subjecting [the defendant] to cross-examination, precisely what the hearsay rule forbids.").[3]

Defendants' out-of-court statements are admissible when offered by the government.  See Fed. R. Evid. 801(d)(2) (statements "made by [a] party," an agent or employee, or a "party's coconspirator during and in furtherance of the conspiracy" are "not hearsay").   Thus, statements made by one or more of the defendants --- including statements made publicly, during podcast interviews, or in electronic communications --- may be admitted only when offered by the

---

[3] See also United States v. Torres, 435 F. Supp. 3d 526, 538 (S.D.N.Y. 2020) ("[T]he Court agrees with the Government's view that, in the event evidence of his flight is admitted, Torres may not automatically admit his alternative explanation for his flight, insofar as he wishes to bring in his out-of-court statements to others on social media or to prison officials.").

2

government, not by the defendants.  Critically, if and when the government offers some of a defendant's statements into evidence, the door is not thereby opened to the defendant to put in all of his out-of-court statements because, when offered by the defendant, the statements are inadmissible hearsay.  See Fed. R. Evid. 801(d)(2); United States v. Burreson, 643 F.2d 1344, 1349 (9th Cir. 1981); United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988).  Accordingly, when offered by the defendant, any of defendant's exculpatory statements, excuses, or denials (full or partial) are hearsay and are not admissible at trial.  See Fed. R. Evid. 801(d), 802; United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000).

The only recognized limitation of this principle is the "doctrine of completeness," otherwise known as the "Rule of Completeness," which some courts apply to admit additional portions of a defendant's prior statements where necessary to explain an admitted statement, place it in context, or avoid misleading the trier of fact.  See Fed. R. Evid. 106; Burreson, 643 F.2d at 1349. The completeness doctrine, however, does not require introduction of portions of a statement that are neither explanatory of, nor relevant to, the admitted passages.  United States v. Mitchell, 502 F.3d 931, 965 (9th Cir. 2007); United States v. Collicott, 92 F.3d 973, 983 (9th Cir. 1996) (holding that Federal Rule of Evidence 106 does not compel admission of otherwise inadmissible hearsay evidence); see also United States v. Lopez-Figueroa, 316 F. App'x 548, 550 (9th Cir. 2008) (defendant could not introduce own statements redacted from confession by government).  As the Ninth Circuit has recognized, "it is often perfectly proper to admit segments . . . without including everything, and adverse parties are not entitled to offer additional

3

segments just because they are there and the proponent has not offered them." Collicott, 92 F.3d at 983.

### B. The Court Should Admit Defendant's Statements Only When Offered by the Government

Here, the government intends to introduce various statements made by defendants and other co-conspirators to prove the elements of the alleged crimes. To the extent defendants believe the rule of completeness applies to specific exhibits, those issues should be raised with the government and court before trial.[4]

As noted above, defendants' self-serving statements, including (i) podcast interviews in which defendant Banks discussed violence reduction efforts, (ii) statements defendants Banks or others made in musical lyrics not raised with the Court before trial, and (iii) any other out-of-court statements by defendants who will not be subject to cross-examination, are classic hearsay -- sometimes hearsay within hearsay -- and do not satisfy any exception. See Fed. R. Evid. 801(d), 802; Ortega, 203 F.3d at 682. They are thus inadmissible when offered by defendant.

Given the limited admissibility of defendants' out-of-court statements, and to avoid mid-trial delays, the Government seeks an order from the Court requiring that (i) to the extent the defendants

---

[4] The rule of completeness does not require admission of defendant's statements that are neither explanatory of, nor relevant to, the admitted passages. Mitchell, 502 F.3d at 965. To the contrary, the rule applies only to statements that are "misleading or taken out of context." United States v. Liera-Morales, 759 F.3d 1105 (9th Cir. 2014) (agent testified about incriminating statements made by defendant in an interview; court properly precluded defense from introducing exculpatory statements from the same interview); United States v. Collicott, 92 F.3d 973, 983 (9th Cir. 1996) (rejecting argument that rule of completeness required admission of broader statement because "the complete statement did not serve to correct a misleading impression of a prior statement").

4

seek to admit their own statements during the government's case-in-chief during cross-examination of witnesses, the defense preview to the government and the Court prior to each trial day any statement of the defendant he intends to admit, so that any evidentiary issues can be addressed outside the trial day; and (ii) that defendants be required to identify any such statements that they intend to offer during the defense case and produce them to the government no later than one week before trial.