TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO (Cal. Bar No. 265481)
Chief, National Security Division
MICHAEL J. MORSE (Cal. Bar No. 291763)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
        1400/1500 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-3667/3535/0813
        Facsimile: (213) 894-0142
        E-mail:    ian.yanniello@usdoj.gov
                   michael.morse@usdoj.gov
                   daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 24-621(C)-MWF |
| Plaintiff, | GOVERNMENT'S MOTION IN LIMINE NO. 7 TO ADMIT SELF-AUTHENTICATING BUSINESS RECORDS; EXHIBIT 18 |
| v. | |
| DURK BANKS, et al., | Hearing Date: August 13, 2026 Hearing Time: 10:00 a.m. |
| Defendants. | Location:    Courtroom of the Hon. Michael W. Fitzgerald |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Ian V. Yanniello, Michael J. Morse, and Daniel H. Weiner, hereby files its Motion in Limine No. 7 to Admit Self-Authenticating Business Records.

//

//

This motion is based upon the attached memorandum of points and authorities, the attached Exhibit 18, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 27, 2026                    Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division


          /s/
IAN V. YANNIELLO
MICHAEL J. MORSE
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

The government hereby moves to introduce business records from multiple organizations at trial under the self-authentication provisions of Federal Rules of Evidence 902(11) and 902(13).  The government gave written notice to defendants and produced the corresponding business records declarations that underlie its requested relief.  Subject to the Court's rulings on any additional substantive objections, these business records should be admissible based on the certifications without need for a custodian of records to testify.

**II.   ARGUMENT**

Rule 902 of the Federal Rules of Evidence provides, in pertinent part:

> The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:
>
> . . . .
>
> (11) The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person . . . .  Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record – and must make the record and certification available for inspection – so that the party has a fair opportunity to challenge them.

Fed. R. Evid. 902(11).  Rule 902(13) similarly permits the admission as self-authenticating "a record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11)."  Fed. R. Evid. 902(13).

The government has produced in discovery business records from the custodians of records (or other qualified persons) from the following organizations:

| Government Trial Exhibit | Organization |
| --- | --- |
| Ex. 47 | Starjet |
| Ex. 53 and 65 | United Airlines |
| Ex. 54 | Southwest Airlines |
| Ex. 313 | REI |
| Ex. 311 | Uber |
| Ex. 315 and 376 | Verizon |
| Ex. 321-322 | VEM Exotic Rentals |
| Ex. 335 | United Airlines |
| Ex. 339-341 | Signature Flight Support LLC |
| Ex. 360-361 | T-Mobile |
| Ex. 362-363 | Verizon |
| Ex. 364-365 | T-Mobile |
| Ex. 366-367 | T-Mobile |
| Ex. 368-369 | T-Mobile |
| Ex. 370-371 | T-Mobile |
| Ex. 372-373 | Verizon |
| Ex. 374-375 | AT&T |
| Ex. 376 | Verizon |
| Ex. 377 | AT&T |
| Ex. 378-379 | AT&T |

The government has provided defense counsel with the declarations from the respective custodians of these records, and true and correct copies of these declarations are attached hereto as **Exhibit 18 [under seal].**  Certification under Rule 902(11) obviates the need for the government to authenticate business records at trial through a live custodian of record witness and permits the records to be admitted under Federal Rule of Evidence 803(6), subject to any substantive objections under any other applicable Federal Rules of Evidence.  See Fed. R. Evid. 902(11).[1]

Thus, in order to admit the above-referenced business records as exhibits at trial, the government should not be required to call the custodians of records for these businesses to testify.  The government reserves the right to provide further notice of other entities from which it intends to introduce business records pursuant to Federal Rule of Evidence 902(11).

---

[1] Rule 803(6) of the Federal Rules of Evidence provides, in pertinent part:

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
. . . .
(6) A record of an act, event, condition, opinion, or diagnosis if:
(A) the record was made at or near the time by – or from information transmitted by – someone with knowledge;
(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
(C) making the record was a regular practice of that activity;
(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) . . . ; and
(E) neither the source of the information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

To be clear, this motion does not seek full admission of the actual business records identified above over other objections that defendants might have, i.e., objections based on Rule 403 or multiple layers of hearsay.  Defendants would still be permitted to object on those grounds to specific exhibits.  This motion is solely directed to establishing (a) the authenticity of the documents and (b) their admissibility as non-hearsay business records at the first level of hearsay.

4

# EXHIBIT 18

[UNDER SEAL]