BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO (Cal. Bar No. 265481)
Chief, National Security Division
MICHAEL J. MORSE (Cal. Bar No. 291763)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
1400/1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3667/3535/0813
Facsimile: (213) 894-0142
E-mail: ian.yanniello@usdoj.gov
michael.morse@usdoj.gov
daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DURK BANKS, et al.,<br><br>Defendants. | No. CR 24-621(D)-MWF<br><br><u>GOVERNMENT'S NOTICE REGARDING FOURTH SUPERSEDING INDICTMENT</u> |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Ian V. Yanniello, Michael J. Morse, and Daniel H. Weiner, hereby files this Notice Regarding the Fourth Superseding Indictment.

//

//

This filing is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 31, 2026

Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division

/s/

IAN V. YANNIELLO
MICHAEL J. MORSE
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

On July 31, 2026, the Grand Jury returned a Fourth Superseding Indictment ("FSI"), which contains one substantive change from the Third Superseding Indictment ("TSI") to address a potential duplicity issue in Count 3 of the TSI.

As the government was preparing its pretrial filings, including proposed jury instructions, it determined that Count 3 as alleged in the TSI --- the substantive 18 U.S.C. § 2261A(2)(A), (B) count --- potentially presented a duplicity issue given that multiple victims were alleged in the same count. See, e.g., United States v. Shrader, 675 F.3d 300, 313 (4th Cir. 2012) (holding that the victim is the unit of prosecution for a violation of 18 U.S.C. § 2261A(2)); United States v. Conlan, 786 F.3d 380, 387 (5th Cir. 2015) (same); United States v. Mattia, No. CR-20-664-1-PHX-GMS, 2021 WL 2012698, at *1-2 (D. Ariz. May 20, 2021) (finding stalking charge duplicitous and ordering government to proceed as to only one victim).

Accordingly, the FSI cures any such issue by separating the substantive stalking counts into the following:

- Count 3: stalking of T.B. using a dangerous weapon, in violation of 18 U.S.C. §§ 2261A(2)(A), (B) and 2261(b)(3); and
- Count 4: stalking of S.R. resulting in death, in violation of 18 U.S.C. §§ 2261A(2)(A), (B) and 2261(b)(1).