UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No. **CR 24-621(D)-MWF** Date: August 14, 2026

Present: The Honorable: MICHAEL W. FITZGERALD, United States District Judge

Interpreter Not Applicable

| Rita Sanchez | Not Reported | Ian Yanniello, Michael J. Morse, and Daniel H. Weiner |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendant(s): | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| 6) Durk Banks | Not | X | | 6) Christy O'Connor<br>Drew Findling<br>Marissa H. Goldberg<br>Brian Steel | Not | | X |

**Proceedings: (IN CHAMBERS) ORDER DENYING MOTION TO SUPPRESS [481]**

Before the Court is a Motion to Suppress (the "Motion") filed by Defendant Durk Banks on July 27, 2026. (Docket No. 481). The Government filed an Opposition on August 7, 2026. (Docket No. 537).

The Court read and considered the papers filed in connection with the Motion and held a hearing on **August 13, 2026**.

The Motion is **DENIED** and Exhibit 200 is **ADMITTED**. Even assuming defects in the GBI's seizure or retention of the phone and its data, the FBI's later warranted searches were sufficiently attenuated from that conduct, and Banks's separate arguments based on federal delay and late disclosure do not warrant suppression or exclusion.

## I. BACKGROUND

On July 11, 2021, local law enforcement responded to a suspected home invasion at Defendant Banks's residence in Georgia. (Declaration of Lisa Vorrasi ("Vorassi Decl.") (Docket No. 537-1) ¶ 3(a); *see also* Motion, Exs. B–C). Investigators found evidence of an exchange of gunfire, including spent cartridge casings throughout the residence. (Vorassi Decl. ¶¶ 3(b)–(c)). Banks himself admitted that, as the suspected intruders fled, he fired his gun from a balcony approximately five or six times "into the air." (Vorassi Decl. ¶ 3(c)). Later that day, the Georgia Bureau of Investigation ("GBI") obtained a magistrate judge's warrant to search the residence (the "Home Warrant"). (Motion, Ex. B). The warrant identified "Home Invasion,"

"Armed Robbery," and "Reckless Conduct" as the offenses under investigation and authorized, among other things, the seizure of "electronic devices and any other personal belongings the perpetrators may have left behind that would aid in the identification of the perpetrators." (*Id.* at 1). During the subsequent search, GBI agents seized, but did not search at that time, Banks's cellphone. (Vorassi Decl. ¶ 3(h)).

On August 19, 2021, the GBI obtained a second warrant authorizing a search of the phone (the "Phone Warrant"). (Motion, Ex. C). The warrant authorized searching and seizing digital evidence related to (1) Home Invasion; (2) Possession of a Firearm by a Convicted Felon; (3) Violation of the Georgia Criminal Street Gang Act; and (4) Conspiracy to Commit a Crime. (*Id.* at 3). The affidavit supporting the Phone Warrant provided that digital copies of recovered data would be retained as evidence and made available to appropriate authorities. (*Id.* at 9). The GBI thereafter created a forensic extraction of the phone.

Nearly five years later, in connection with the investigation associated with this federal criminal action, the FBI contacted the GBI on June 25, 2026, and requested the forensic extraction. (Declaration of Jarron Farmby ("Farmby Decl.") (Docket No. 537-2) ¶ 2). The FBI received it on July 6 and, two days later, obtained a federal warrant authorizing its search for evidence relating to this case. (*Id.*; Motion, Exs. D–E). The FBI subsequently requested the physical phone which the FBI received on July 20, 2026, and thereafter obtained a second federal warrant to search. (Farmby Decl. ¶ 3; Motion, Exs. F–G). The Government produced the forensic extraction to the defense and identified the evidence at issue as proposed Trial Exhibit 200, a compilation of several images from the extraction. (*See* Opp., Ex. 2).

## II. <u>DISCUSSION</u>

Banks seeks suppression of Exhibit 200, principally challenging the original seizure of the phone, the validity of the Phone Warrant, the GBI's retention of the forensic extraction, and the timing of the FBI's later search. (Motion at 5–13). Banks also seeks exclusion based on the timing of the Government's disclosure. (*Id.* at 4–5).

The Court first assumes without deciding that the Home Warrant did not authorize seizure of Banks's phone and that some aspects of the GBI's subsequent retention or handling of the forensic extraction violated the Fourth Amendment. But "[e]ven assuming that these violations of the Fourth Amendment occurred, that does not necessarily mean that suppression of evidence is warranted." *United States v. Saelee*, 51 F.4th 327, 335 (9th Cir. 2022).

The exclusionary rule applies "only where its deterrence benefits outweigh its substantial social costs." *Utah v. Strieff*, 579 U.S. 232, 238 (2016) (cleaned up). Relevant here, the Ninth Circuit has held that "[a]bsent any threshold showing of a connection or 'nexus' in time, place, or purpose between the searches and the subsequent prosecution, there is no appreciable deterrent purpose in suppressing the evidence." *United States v. Medina*, 181 F.3d 1078, 1082 (9th Cir. 1999). Although the fact that different law enforcement agencies or sovereigns are involved does not eliminate the possibility of suppression, the relevant inquiry is whether the earlier officers' conduct was sufficiently connected to the later investigation or prosecution that exclusion would meaningfully deter the earlier misconduct. *See Frimmel Mgmt., LLC v. United States*, 897 F.3d 1045, 1056–57 (9th Cir. 2018); *see also United States v. Basinger*, 60 F.3d 1400, 1407 (9th Cir. 1995).

*United States v. Sessions* is particularly instructive. No. 21-50125, 2024 WL 194190 (9th Cir. Jan. 18, 2024). There, the Ninth Circuit cited *Medina* and noted that even assuming local law enforcement's prolonged retention of the defendant's phone had become unreasonable, "exclusion of the evidence obtained from [the phone] was unwarranted where entirely different officers from those who initially seized the phone (and who were investigating a different crime) sought and obtained a valid warrant to search the phone after discovering it was in [local law enforcement] custody." *Id.* at *2.

The same reasoning applies here. As in *Medina* and *Sessions*, federal investigators here were not involved in the GBI's 2021 investigation including the initial seizure of Banks's phone or the subsequent retention and extractions. The record instead reflects that the FBI first contacted the GBI concerning the extraction on June 25, 2026 — nearly five years later and pursuant to a separate investigation — and federal investigators promptly obtained their own warrants to search the extraction and the phone. (*See* Farmby Decl. ¶¶ 2–3; Mot., Exs. D–G).

Banks's only argument targeted specifically to the FBI's conduct is that federal investigators unreasonably delayed obtaining a warrant to search his phone data. (Motion at 11–13). Banks notes that this federal prosecution commenced in October 2024, but the FBI did not seek evidence from the GBI until June 2026. (*Id.*). He principally relies on *United States v. Dass*, 849 F.2d 414 (9th Cir. 1988), in which the Ninth Circuit held that unreasonable delays between seven and twenty-three days between the seizure of packages and the Government's application for warrants to search them. *Id.* at 415–16.

But *Dass* addressed postal inspectors who detained packages and then failed to diligently obtain warrants authorizing their search. *See id.* at 414. In other words, *Dass* concerned the inspectors' delay following ***their own*** seizure of the property at issue. Here, by contrast, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

FBI neither seized nor possessed Banks's phone or the extraction during the period between the commencement of this federal case and June 2026. These facts are analogous to *Medina* and *Sessions*, not *Dass*.

Banks also asks the Court to exclude Exhibit 200 under Federal Rule of Evidence 403 and the Court's inherent authority because the evidence was disclosed approximately one month before trial. (Motion at 4–5). But the FBI did not receive the forensic extraction until July 6, 2026, and the Government promptly obtained a federal warrant and produced the extraction to Banks. (*See generally* Opp., Ex. 2). Banks has not demonstrated prejudice to his ability to prepare for trial sufficient to justify the significant remedy of exclusion, and the timing of the disclosure does not otherwise establish that the probative value of Exhibit 200 is substantially outweighed by any of the dangers identified in Rule 403.

Accordingly, the Motion is **DENIED** and Exhibit 200 is **ADMITTED**.

The Court had temporarily sealed the Opposition (Docket No. 537) at the request of Banks. In light of the Court's ruling on the Motion, the Opposition is unsealed.

IT IS SO ORDERED.