BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO (Cal. Bar No. 265481)
Assistant United States Attorney
Chief, National Security Division
MICHAEL J. MORSE (Cal. Bar No. 291763)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
1400/1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3667/0813/7367
Facsimile: (213) 894-0142
E-mail: ian.yanniello@usdoj.gov
michael.morse@usdoj.gov
daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DURK BANKS, et al.,<br><br>Defendants. | No. CR 2:24-621(D)-MWF<br><br>GOVERNMENT'S STATEMENT REGARDING VOIR DIRE |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Ian V. Yanniello, Michael J. Morse, and Daniel H. Weiner, hereby submits its statement regarding voir dire.

//

//

This statement is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 18, 2026

Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division

*/s/*

IAN V. YANNIELLO
MICHAEL J. MORSE
DANIEL H. WEINER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

As set forth during the pretrial conference and further below, the Court should include all potential witnesses (including defense witnesses) in the jury questionnaire, and the names should be disclosed to the government.

The Court has the authority and discretion to provide the names of defendant Durk Banks' potential witnesses to the jury pool in order to appropriately voir dire the panel regarding potential knowledge of the case and witnesses, and bias. District courts are "charged with effectuating the speedy and orderly administration of justice." United States v. W.R. Grace, 526 F.3d 499, 508 (9th Cir. 2008) (en banc). "[I]n carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly." Id. at 508-09. This rule is just one instance of district courts' broader inherent power to control their dockets, to manage cases effectively, and to "ensure obedience to their orders." Id. at 509 (cleaned up); see also United States v. Baldwin, 607 F.2d 1295, 1297-98 (9th Cir. 1979) (reading of both parties' witness lists important to "intelligent exercise of peremptory challenges by both parties").

Moreover, the Court has the authority and discretion to provide these names to the government during voir dire. Cf. United States v. Carpenter, 923 F.3d 1172, 1179 (9th Cir. 2019) (holding that defense "proffers for the duress defense have not 'traditionally been kept

secret', and the common law right of access attaches") (cleaned up).

Given the number of potential defense witnesses, and the Court's proposal to identify for the venire all parties' witnesses in alphabetical order, any surprise element to defendant Banks' withholding of the names from the government is outweighed by the compelling need to conduct a searching, thorough voir dire in this murder case. See United States v. Seymour, 576 F.2d 1345, 1348-49 (9th Cir. 1978) (court order requiring the prosecution and defense to exchange lists of witnesses and summaries of their testimony as well as information about exhibits, though disfavored, neither affected the substantial rights of the defendant nor constituted constitutional error). This is particularly true given that the names of witnesses, on their own, does not materially disclose defendant's strategy or theory.