BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO (Cal. Bar No. 265481)
Assistant United States Attorney
Chief, National Security Division
MICHAEL J. MORSE (Cal. Bar No. 291763)
DANIEL H. WEINER (Cal. Bar No. 329025)
Assistant United States Attorneys
1400/1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3667/3535/0813
Facsimile: (213) 894-0142
E-mail: ian.yanniello@usdoj.gov
michael.morse@usdoj.gov
daniel.weiner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DURK BANKS, et al.,<br><br>Defendants. | No. CR 24-621(D)-MWF<br><br><u>MEMORANDUM OF LAW</u> |

Plaintiff United States of America, by and through its counsel of record hereby files its memorandum of law regarding the <u>Pinkerton</u> jury instructions.

//

//

This memorandum is based on the attached memorandum, the facts and records in this case, and any further evidence and argument the Court may permit.

Dated: September 6, 2026

Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division

/s/
IAN V. YANNIELLO
MICHAEL J. MORSE
DANIEL H. WEINER

Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Banks makes two requests regarding the Pinkerton jury instructions. First, that the Court decline to give a Pinkerton instruction for Count Three (stalking of Saviay'a Robinson) as to the conspiracy charged in Count One (conspiracy to stalk Tyquian Bowman). Second, that the Pinkerton instruction for Count Five (murder for hire) incorporate Count Four (murder for hire conspiracy), instead of Count One. The government does not oppose the second request.

As to the first request, defendant Banks explicitly asks the Court to disregard binding Ninth Circuit law, arguing that Pinkerton liability should not extend to a substantive crime that requires specific intent (e.g., stalking or VICAR murder). (Dkt. 649 at n.2.) As defendant Banks concedes, this is legally incorrect. See, e.g., United States v. Bingham, 653 F.3d 983, 998 (9th Cir. 2011) (holding that Pinkerton instruction appropriate for VICAR murder charges where murders "could be reasonably foreseen as a necessary or natural consequence of the unlawful agreement" charged in the RICO conspiracy) (cleaned up).

Here, based on the evidence presented at trial, a reasonable juror could well conclude that the stalking and murder of Tyquian Bowman's travel companion Saviay'a Robinson was a necessary or natural consequence of the unlawful agreement to track, stalk, and kill Tyquian Bowman. Accordingly, the Court should maintain the Pinkerton instruction following Count Three.