UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No. **CR 24-621(D)-MWF** Date: September 10, 2026

Present: The Honorable: MICHAEL W. FITZGERALD, United States District Judge

Interpreter Not Applicable

| Rita Sanchez | Not Reported | Ian Yanniello, Michael J. Morse, and Daniel H. Weiner |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendant(s): | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| 6) Durk Banks | Not | X | | 6) Christy O'Connor<br>Drew Findling<br>Marissa H. Goldberg<br>Brian Steel | Not | | X |

**Proceedings: (IN CHAMBERS) ORDER DENYING DEFENDANT DURK BANKS' RENEWAL OF HIS REQUEST REGARDING RULE 106 IN LIGHT OF CLOSING ARGUMENT [656]**

Before this Court is Defendant Durk Banks' Request for Order for Reconsidering Rule 106 Ruling in Light of Closing Arguments (the "Request"), filed on September 9, 2026. (Docket No. 656). The Government filed its Opposition on September 9, 2026. (Docket No. 659). Before the Opposition was filed or reviewed, the Court held a hearing on September 9, 2026, during which the Court stated its intention to deny the request but that it would first review the Opposition and the caselaw on which Defendant primarily relied, *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 171 (1988) (finding Rule of Completeness violation where the "jury was given a distorted and prejudicial impression" of a letter written by the plaintiff) and *United States v. Lopez*, 4 F.4th 706, 717 (2021) (finding Rule of Completeness violation where excluded statements "contained information directly qualifying statements which the Government's editing cut off prematurely and, at times, mid-sentence").

The Court **DENIES** the Request for all the procedural and substantive reasons stated by the Government.

The Court adjudicated the merits of the Rule 106 issue before the trial began; shorn of rhetoric, the Request is simply a request for reconsideration and an attempt to obtain a surrebuttal. And even if the Court now could or would reach the merits of the Request, its ruling would remain the same. The proffered snippets do not address or alter the Government's asserted interpretation of the admitted portion of the interview.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

The Court reviewed not only *Beech Aircraft* and *Lopez*, but also *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014) (noting that "the Rule of Completeness did not require the admission of the full [defendant's confession] into evidence" because the redacted statement was not misleading); *United States v. Velazquez*, No. 22-50239, 2025 WL 252585, at *1 (9th Cir. Jan. 21, 2025), *cert. denied*, 145 S. Ct. 2768 (2025) (finding that an additional sentence of a defendant's post-arrest statement was not explanatory or substantially exculpatory); and *United States v. Salazar*, No. 23-1863, 2025 WL 416821, at *1 (9th Cir. Feb. 6, 2025), *cert. denied*, 146 S. Ct. 232 (2025) (contrasting admitted clips artificially cut off mid-sentence with excluded statements that did not change the meaning of statements submitted to the jury).

Whether the jury accepts the Government's asserted interpretation is a question solely for the jury.

IT IS SO ORDERED.